LANDMAN CORSI BALLAINE & FORD P.C.
One Gateway Center, 4th Floor
Newark, New Jersey 07102-5388
(973) 623-2700
Attorneys for Defendant
Norfolk Southern Corporation

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

| | |
|---|---|
| RAYMOND ROKICKI JR., | |
|                    Plaintiff, | CIVIL ACTION NO.: 11-cv-2268 (CCC) (JAD) |
| vs. | Hon. Joseph A. Dickson, U.S.M.J. |
| NORFOLK SOUTHERN RAILWAY COMPANY; ABC CORPS. 1 - 10 (Fictitious entities); JOHN DOES 1 - 10 (Fictitious names), | DISCOVERY CONFIDENTIALITY ORDER |
|                    Defendants. | |

This request for the entry of a Protective Order governing the dissemination and use of certain Confidential Material, as defined below, having been brought before the Court by Landman Corsi Ballaine & Ford P.C., attorneys for defendant Norfolk Southern Corporation, improperly pled as Norfolk Southern Railway Company ("Norfolk") and all other counsel of record having consented to the form, substance and entry of this Order; and the Court having reviewed the form and substance of this Order and for good cause shown;

IT IS on this _____ day of December, 2011

ORDERED as follows:

513047 DOCSNJ

        a.    The following terms are used in this Order:

        (a)   "Producer" means a party to this action or a non-party that produces information in this action;

        (b)   "Designator" means a producer that designates information it produces as "Confidential Material;"

        (c)   "Information" includes, without limitation, documents and testimony;

        (d)   "This action" means the above-captioned action; and

        (e)   "Confidential Material" means:

            (i)   any information designated by its Producer as "Confidential Material."

2.    The following protocol will be followed with respect to the designation of information as Confidential material:

        (a)   Designation shall be made by a statement to such effect by the Designator's counsel, or by adding a "confidential" stamp or notation on a document;

        (b)   A party may file documents in support of motions made in this action, so long as any documents designated as Confidential Material are filed under seal directly to the judge. At the time of trial, documents designated as Confidential Materials that are to be used at trial will be filed with the court pursuant to court's directions.

3.    Confidential Material subject to this order shall be used

solely for purposes of this action, through trial and including any appeals. All Confidential Materials subject to this Order shall be kept in a confidential manner and may only be disclosed to and disseminated among the following persons:

    (a)    The parties, their attorneys, and employees of the parties or their attorneys who are working on this action under the direct supervision of the parties and/or attorneys;

    (b)    Any person not employed by a party who is expressly retained or identified as an expert by the party or by any attorney described in paragraph 3(a) above to assist in the conduct of this action;

    (c)    The Court, court personnel and court reporters involved in this litigation; and

    (d)    A deponent may during a deposition be shown, and examined about Confidential Materials so long as the conditions of Paragraph 6 and 7 have been complied with. Confidential Materials within the deposition transcript may be designated by underlining the portions of the pages that are confidential and stamping such pages "Confidential."

4. If a party in possession of a Confidential Material produced by another party receives a subpoena from a non-party

seeking production or disclosure of Confidential Material, the party receiving the subpoena shall immediately give written notice to counsel for the Designator and in no event shall production or disclosure of Confidential Material be made before such notice is given and an opportunity provided to the Designator to oppose the subpoena.

5. Nothing herein shall prevent disclosure as required by law or compelled by order of any court, or restrict any Designator's use of its own Confidential Material.

6. Any person who makes any disclosure of Confidential Material permitted by this Order shall advise each person to whom such disclosure is made of the terms of this Order. If a witness is represented by an attorney, that attorney has to advise the witness of the terms of order. Furthermore, all persons identified in paragraph 3(b) shall execute an affidavit stating that they have received and read the Order, that they understand the Order, and that they will comply with the Order. Copies of such affidavits shall be held in escrow by counsel who provides access to the Confidential Materials until further order of the Court or agreement of counsel.

7. With respect to any Confidential Material designated in conformance with this Order, a party's counsel may at any time serve a written notice of objection to such designation upon the Designator's counsel (with copies to counsel for every other

party). The notice shall specify the materials which the objecting party believes are not properly classified as "confidential" and shall specify the reasons for declassification. The notice of objection may state that declassification is desired generally or for specific purpose. Within 20 days of receipt of the notice, the Designator shall review the designated material sought to be declassified and provide written notice to every party stating whether the Designator will agree to declassification. If the party and the Designator cannot informally resolve the dispute after meeting and conferring in a good faith effort to avoid invoking this Court's intercession, any party shall be free to move to affirm the classification or to declassify the specified material. The notice of motion shall set forth a description of the nature of the designated material in question and the reasons why the movant believes it should be declassified. The designated material is subject to the terms of this Order until the Court acts on the motion, and, thereafter, if the Court's ruling does not declassify the material. Any party's failure to object to the designation of information as confidential shall not be regarded as a concession that any Confidential Material contains confidential information or has properly been designated as Confidential Material.

    8. In the event that any Confidential Material is used in any court proceeding herein prior to trial it shall not lose its

confidential status through such use.

9.  Nothing in this Order shall be construed in any way to control the use, dissemination, publication, or disposition by any party of documents or information received at any time by that party outside the discovery process in this action.

10. Failure to designate any particular information as "Confidential Material" shall not constitute a waiver of any party's assertion of confidentiality with respect to such information.

11. Nothing in this Order shall operate to require the production of documents that are privileged or otherwise protected from discovery.

12. A party's compliance with the terms of this Order shall not operate as an admission (a) that any particular document or discovery material is, or is not, privileged or confidential; or (b) that any particular document or discovery material is, or is not, admissible in evidence at the trial of this action.

13. At the conclusion of this action, the parties agree to destroy or return to the designator all Confidential Material, including all copies thereof.

14. For good cause shown any party may seek a modification, supplementation or termination of the terms of this Order by attempting to obtain the consent of the parties hereto. Absent such consent, the party may make an appropriate application to the

Court upon notice.

15. The parties hereby consent to the form, substance and entry of this Order.

| | |
|---|---|
| Erik A. Hassing, Esq.<br>Attorneys for Plaintiff<br>Raymond Rokicki, Jr.<br><br>By: _/s/ Erik Hassing_____<br>    Erik A. Hassing, Esq.<br>    Hassing & DeFilippis, LLP<br>    1 Gold Mine Road<br>    Suite 6<br>    Flanders, NJ 07836<br>    (973)527-7400 | Landman Corsi Ballaine & Ford P.C.<br>Attorneys for Defendant<br>Norfolk Southern Corporation<br><br>By: _/s/ Gerald Ford_____<br>    Gerald T. Ford<br>    One Gateway Center, 4th Floor<br>    Newark, NJ 07102<br>    (973) 623-2700 |

IT IS SO ORDERED:

_____
Hon. Joseph A. Dickson, U.S.M.J.